## IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

FILED

**March 2, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| HAROLD P. COUSINS, d/b/a | ) | ANDERSON CIRCUIT |
| COUSINS CONSTRUCTION, | ) | |
| | ) | |
| Plaintiff/Appellant | ) | NO. 03A01-9709-CV-00435 |
| | ) | |
| v. | ) | HON. JAMES B. SCOTT, JR. |
| | ) | JUDGE |
| MK-FERGUSON OF OAK RIDGE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant/Appellee | ) | AFFIRMED |

Brian C. Quist, Knoxville, for Appellant.
E. H. Rayson, William P. Snyder and John C. Burgin, Jr., Knoxville, for Appellee.


# M E M O R A N D U M   O P I N I O N


_____INMAN, Senior Judge


_____This is an action to recover profits the plaintiff contractor alleges he would have made had he been allowed to construct an additional four warehouses similar in design and usage to a fifth warehouse he constructed and for which he was paid.

The defendant is a prime contractor for the U. S. Department of Energy and awarded a subcontract to the plaintiff for the construction of so-called generic warehouses. Whether this subcontract firmly committed the parties to the construction of five buildings, or, as the defendant insisted, to only one building, with the option retained by the defendant to issue proceed orders for the remaining four buildings, was a prime issue.

The first building was constructed, and settlement made.

The parties thereafter began negotiations for the construction of the second building. They were unable to agree on a price, and the defendant thereupon informed the plaintiff that no options would be exercised under the subcontract. Three of the remaining buildings were built by other contractors; one was never constructed.

The trial court found that the subcontract was not a requirements contract, and while the plaintiff had no guarantee that he would be awarded a commitment, the defendant had a duty to negotiate in good faith. Pursuing this rationale the trial court then found that the defendant breached its good-faith obligation and awarded the plaintiff $12,557.00 as damages for certain increased costs, but declined to award damages for loss of profits.

The trial court found that loss of profits was not a proper measure of damages under the subcontract, and in any event the plaintiff failed to carry his burden of proof. Somewhat singularly, the trial court then gave the plaintiff another opportunity to prove his damages. At the second hearing the plaintiff proffered a different theory of recovery - damages for unabsorbed overhead - and the trial court made the award aforementioned.

The plaintiff appeals, insisting that the court erred in declining to award damages for loss of profits, which is the proper measure in Tennessee. The court's declination was based on a firm finding that the plaintiff failed to prove that such profits, even if arguably established, "would have been available to him under the contract." The effort of the plaintiff at the second hearing to prove damages incurred by increased costs in lieu of proving damages for lost profits was rejected by the court.

The issue of credibility permeated this case to a dispositive extent. While the plaintiff's argument that the trial court erred in declining to find that loss of profits was not the proper measure of damages is, *prima facie*,

meritorious, *see: McLain v. Kimbrough Const.,* 806 S.W.2d 194 (Tenn. App. 1990), under the markedly peculiar facts of this case we cannot say that the correct result was not reached. We certainly cannot find that the evidence preponderates against the judgment. RULE 13(d), T.R.A.P.

This is a proper case for affirmance pursuant to RULE 10, RULES OF THE COURT OF APPEALS.[1] Costs are assessed to the appellant.


_____
William H. Inman, Senior Judge

CONCUR:


_____
Herschel P. Franks, Judge


_____
Don T. McMurray, Judge


---

[1]**Affirmance Without Opinion - Memorandum Opinion.** (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case. [As amended by order filed April 22, 1992.]